CHARLES BOYD, PLAINTIFF-APPELLANT v. KENNETH J. HOWARD, JOYCE M. HOWARD AND THE FOUR HUNTERS, INC., DEFENDANTS-APPELLEES

No. COA01-78

(Filed 4 December 2001)

**Corporations— shareholder derivative claim—breach of fiduciary duty—foreclosure sale**

The trial court did not err by granting partial summary judgment in favor of defendant corporate officers and directors on plaintiff's shareholder derivative claim based on defendants' alleged breach of fiduciary duty by purchasing the corporation's property at a foreclosure sale and by not previously informing plaintiff that they intended to bid on the property at the foreclosure sale, because: (1) the corporation was in no position to financially take advantage of the opportunity to purchase the property at the foreclosure sale, nor did it have the means to stop

the foreclosure sale; (2) defendant president of the corporation attempted to find a way for the corporation to take advantage of the opportunity by soliciting banks for loans, but failed; (3) plaintiff and the corporation were notified of the foreclosure sale; and (4) defendants as guarantors on the note were acting in their individual capacity in bidding at the foreclosure sale based on their personal liability.

Appeal by plaintiff from judgment entered 1 November 2000 by Judge Michael E. Helms in Guilford County Superior Court. Heard in the Court of Appeals 18 October 2001.

*John Haworth for plaintiff-appellant.*

*Pete Bradley for defendants-appellees.*

WALKER, Judge.

Defendant corporation, The Four Hunters, Inc. (Four Hunters), was in the furniture business. Its shares of stock were split two-thirds to defendant Kenneth J. Howard (Mr. Howard) and one-third to plaintiff. Mr. Howard was the president, chief executive officer and a member of the board of directors of Four Hunters. Defendant Joyce M. Howard (Ms. Howard), the wife of Mr. Howard, was the secretary/treasurer and also a member of the board of directors. The plaintiff was the remaining member of the board of directors.

Four Hunters owned two and one-half acres of property which contained a 35,000 square foot office, manufacturing and warehouse facility. This property was pledged as security for two separate mortgages—the first mortgage with NationsBank (currently Bank of America) and the second with High Point Bank & Trust. Mr. Howard personally guaranteed the note with High Point Bank & Trust and plaintiff personally guaranteed the note with NationsBank. On 17 August 1997, High Point Bank & Trust began foreclosure proceedings to protect its interest because NationsBank was already foreclosing on the same property.

On 27 August 1997, the board of directors and the corporate counsel met to discuss options in the face of the foreclosures. They ultimately determined that the board recommend to the shareholders that Four Hunters voluntarily dissolve. There was a shareholders meeting on 8 September 1997 of which plaintiff had notice although he declined to attend. Mr. Howard, as majority shareholder, voted to

BOYD v. HOWARD

[147 N.C. App. 491 (2001)]

follow the recommendations of the board to voluntarily dissolve Four Hunters.

High Point Bank & Trust held the foreclosure sale of the property on 10 October 1997. As a personal guarantor on the note, Mr. Howard bid on the property at the sale to protect his interest. Mr. and Ms. Howard purchased the property, subject to the NationsBank mortgage, using a personal loan from High Point Bank & Trust to pay off the purchase price and both outstanding mortgages. Mr. and Ms. Howard then leased the property back to Four Hunters for a few months and subsequently leased it to another party. The Articles of Dissolution of Four Hunters were filed on 4 December 1997 with the Secretary of State.

On 24 March 1998, plaintiff filed suit against Mr. and Ms. Howard for breach of fiduciary duties which was dismissed without prejudice for failure to properly serve Four Hunters, a necessary party. On 11 February 2000, plaintiff filed the present action alleging both a shareholder derivative claim and an individual claim for breach of fiduciary duties, for usurping a corporate opportunity and for unfair and deceptive trade practices. Mr. and Ms. Howard counterclaimed alleging breach of fiduciary duty by the plaintiff.

Plaintiff moved for partial summary judgment as to the shareholder derivative claim. Simultaneously, he moved for dismissal of defendants' counterclaim. The trial court ruled there were no issues of fact as to the shareholder derivative claim and granted partial summary judgment for Mr. and Ms. Howard. Plaintiff's motion to dismiss the counterclaim was denied. Plaintiff appeals the partial summary judgment in favor of the defendants and the denial of his motion to dismiss the counterclaim.

Plaintiff contends that Mr. and Ms. Howard breached their fiduciary duty by purchasing the property at the foreclosure sale and by not previously informing the plaintiff that they intended to bid on the property at the foreclosure sale. Mr. and Ms. Howard admit they stand in a fiduciary relationship with Four Hunters and the plaintiff. However, they contend that their purchase of the property as individuals is valid because the transaction was fair to Four Hunters.

Both NationsBank and High Point Bank & Trust had begun foreclosure proceedings. On 27 August 1997, the board of directors, including plaintiff and defendants, met to discuss both pending fore-

closures. Mr. Howard informed the plaintiff that NationsBank, High Point Bank & Trust, and Bank of North Carolina had all denied Four Hunters' applications for loans which would have stopped the foreclosure proceedings. At this point, the plaintiff refused to personally guarantee a loan to the corporation. Therefore, the board of directors voted at this meeting to recommend to the shareholders that Four Hunters voluntarily dissolve. The shareholders, in a separate meeting, voted to follow that recommendation.

Because the defendants are officers and directors, they have a fiduciary duty to Four Hunters. "A transaction with the corporation in which a director of the corporation has a direct or indirect interest" is a "conflict of interest transaction" and usually voidable by the corporation. N.C. Gen. Stat. § 55-8-31(a) (1999). However, "[a] conflict of interest transaction is not voidable by the corporation solely because of the director's interest in the transaction if any one of the following is true: . . . (3) The transaction was fair to the corporation." *Id.* The official commentary to the statute states: "The fairness of a transaction for purposes of section 8.31 should be evaluated on the basis of the facts and circumstances as they were known or should have been known at the time the transaction was entered into."

N.C. Gen. Stat. § 55-8-31 replaced the former N.C. Gen. Stat. § 55-30(b). In *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983), our Supreme Court noted that N.C. Gen. Stat. § 55-30(b) was a statutory standard which codified the law regarding fiduciaries taking advantage of corporate opportunities. *Meiselman* set out six "recurring circumstances" to which our courts should look to determine whether a corporate opportunity has been usurped. *Meiselman*, 309 N.C. at 310, 307 S.E.2d at 569. They are:

1) the ability, financial or otherwise, of the corporation to take advantage of the opportunity;

2) whether the corporation engaged in prior negotiations for the opportunity;

3) whether the corporate director or officer was made aware of the opportunity by virtue of his or her fiduciary position;

4) whether the existence of the opportunity was disclosed to the corporation;

5) whether the corporation rejected the opportunity; and

6) whether the corporate facilities were used to acquire the opportunity.

*Id.*

The "opportunity" here was to purchase the property of Four Hunters at the foreclosure sale. Four Hunters was in no position financially to take advantage of this opportunity. It did not have the means to stop the foreclosure sale. Mr. Howard, as a director, officer, and shareholder, attempted to find a way for Four Hunters to take advantage of the opportunity by soliciting banks for loans but failed. Plaintiff and Four Hunters were notified of the foreclosure sale.

Although they had knowledge of the foreclosure sale because of their fiduciary positions, the defendants also had a personal interest in the foreclosure sale. Mr. Howard was a personal guarantor on the High Point Bank & Trust note and would be personally liable if the foreclosure sale did not bring sufficient funds to pay off the outstanding loan. Plaintiff also had knowledge of the foreclosure sale prior to the sale taking place. Because Mr. and Ms. Howard were acting in their individual capacity in bidding at the foreclosure sale, we find there was no breach of fiduciary duty by the Howards in their failure to notify the plaintiff that they intended to bid on the property.

All of the facts in the record establish that the foreclosure sales by NationsBank and High Point Bank & Trust were going forward. Four Hunters did not have the financial ability to stop the High Point Bank & Trust foreclosure sale. As a guarantor on the note, Mr. Howard had a personal interest in purchasing the property. Applying the *Meiselman* factors to all of the facts attendant to the purchase of the property by the defendants at foreclosure, we agree with the trial court that the defendants did not breach their fiduciary duty to Four Hunters.

The trial court did not err in granting partial summary judgment in favor of the defendants on plaintiff's shareholder derivative claim. In view of the fact that the individual claims of the plaintiff still exist, we decline to address the denial of the plaintiff's motion to dismiss the counterclaim of the defendants against the plaintiff in his individual capacity.

Affirmed.

Judges MARTIN and TYSON concur.